Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorneys for Plaintiff Felicia Vasquez

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felicia Vasquez, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Walker Properties 1010 El Camino LLC, James Walker, and Bennett Commercial, LP, | **Jury Trial Demanded** |
| Defendants. | |

Felicia Vasquez ("Plaintiff") alleges the following:

### INTRODUCTION

1. Plaintiff brings this action against Walker Properties 1010 El Camino LLC ("Walker Properties"), James Walker ("Walker"), and Bennett Commercial, LP ("Bennett Commercial") (collectively "Defendants") for unlawfully discriminating against Plaintiff because of her disability at the property with the commonly known address **1010 El Camino Avenue in Sacramento, California** and at the business El Camino Market.

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes

### PARTIES

3. Plaintiff is a natural person and an adult resident of Sacramento County, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Walker Properties is a California limited liability company with its principal office in Texas and its California office is in Sacramento, California.

5. Defendant Walker is believed to be a natural person and a trustee of the Walker Irrevocable Property Trust. Defendant Walker is believed to have an office and/or residence in Elk Grove, California and/or the state of Texas.

6. Bennett Commercial, LP is California limited partnership with its principal address in North Highlands, California.

7. Defendants, each of them or a subset thereof, owned, operated, and/or otherwise were responsible for, and/or currently own, operate, and/or are otherwise responsible for, the real property, including specifically the parking lot and structure, with the commonly known address 1010 El Camino Avenue in Sacramento, California ("1010 El Camino Avenue") and/or the El Camino Market located there.

## JURISDICTION

8. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

9. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

10. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the 1010 El Camino Avenue is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

11. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities. Specifically, Plaintiff suffers from paralysis. Plaintiff requires a wheelchair to facilitate her mobility. Plaintiff's symptoms limit, some substantially, her major life activities. Plaintiff has, and at all relevant times, displayed a disabled person parking placard issued by the California Department of Motor Vehicles.

12. On June 26, 2022, Plaintiff arrived at 1010 El Camino Avenue to visit the El Camino

Market located there.

13. Plaintiff went to 1010 El Camino Avenue because Plaintiff wanted to avail herself of the goods offered at El Camino Market. Specifically, Plaintiff visited El Camino Market to purchase a lottery ticket.

14. Unfortunately, Plaintiff encountered a parking lot that was unlawfully in disrepair. Specifically:

   a. The 'accessible' parking spaces and access aisle striping is faded.
   b. The NO PARKING letters on the ground of the 'accessible' access aisles are barely visible.
   c. The "accessible" parking space on the left side did not have the correct signage.
   d. The "accessible" parking space on the right side had considerable slope near the head of the space, believed to be up to a 7.5% slope.

15. In addition, the entry door to the El Camino Market was heavy, believed to require more than five pounds of pressure to operate.

16. The entry door threshold to the El Camino Market was also high, believed to be three quarters of an inch high.

17. And the transaction / sales counter in El Camino Market was too high.

18. While Plaintiff did not encounter these barriers, Plaintiff is informed and believes that the following problems also exist at 1010 El Camino Avenue:

   a. The path of travel from the public way has gaps greater than one half inch wide.
   b. The path of travel from the public way has cross slopes greater than 2%.

19. 1010 El Camino Avenue and the El Camino Market are open to the public, intended for non-residential use, and their operation affects commerce.

20. 1010 El Camino Avenue and the El Camino Market are public accommodations and business establishments.

21. Plaintiff believes that the 1010 El Camino Avenue has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

22. Plaintiff is hesitant and apprehensive to return to the El Camino Market because of her

knowledge and experience with the barriers identified above.

23. Plaintiff wants to return to the 1010 El Camino Avenue when Defendants remove the accessibility barriers there. Plaintiff would like to enjoy the goods at the El Camino Market in the future without dealing with accessibility barriers there.

24. Plaintiff has suffered and continues to suffer violations of her civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. Defendants have denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and/or accommodations of 1010 El Camino Avenue and the El Camino Market.

<u>Failure to Remove Architectural Barriers at an Existing Property</u>

27. Defendants have failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

28. For those barriers where it is not reasonably achievable to remove them, if any, Defendants have failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

29. Plaintiff believes and alleges that the improvements at 1010 El Camino Avenue and El Camino Market designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

30. Defendants violated the ADA by failing to design and construct the facilities at 1010 El

Camino Avenue and El Camino Market in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

31. Plaintiff believes and alleges that the 1010 El Camino Avenue was modified after January 26, 1993, independently triggering access requirements under the ADA.

32. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

33. Plaintiff believes and alleges that Defendants altered the 1010 El Camino Avenue in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

### Failure to Maintain Accessible Features

34. Defendants violated the ADA by failing to maintain in operable and working condition those features of the 1010 El Camino Avenue and El Camino Market that are required to be readily accessible to and be usable by persons with disabilities.

35. Defendants' failure in maintaining the 1010 El Camino Avenue and El Camino Market in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

36. The configuration and condition of Defendants' 1010 El Camino Avenue and El Camino Market denied Plaintiff full and equal access to a public accommodation due to Plaintiff's disability.

37. It is readily achievable for Defendants to remove the architectural barriers identified above.

38. Defendants do not have any legitimate business justification to excuse the condition and configuration of the 1010 El Camino Avenue and El Camino Market.

39. Defendants' violations are the cause of suffering for Plaintiff.

40. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public

facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

41. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

42. As described above, Defendants intentionally discriminated against Plaintiff during her visit to the 1010 El Camino Avenue and El Camino Market.

43. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

44. Defendants' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff her rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

45. Plaintiff was harmed.

46. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

47. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

48. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

49. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease their discrimination of disabled

persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: August 30, 2022

Law Office of Rick Morin, PC

*/s/ Rick M/*

_____
Richard Morin
Bryce Fick
Attorneys for Plaintiff